## Payne's Estate.

Joseph D. McCoy, for exceptants; Raymond Pace Alexander, contra.

VAN DUSEN, J., March 15, 1929.—This is a petition under section 6 of the Fiduciaries Act (Act of June 7, 1917, P. L. 447) and prays for a declaration that a certain person is presumed to be dead, as of a certain date, and that, therefore, real estate which he held as tenant by entireties with his wife has become her property, and by her subsequent death has passed to her heirs, who are the petitioners. It has been referred to a master, who has reported facts and a decree fully complying with the prayer. Heirs of the presumed decedent contested the matter before the master and have presented exceptions attacking not only the finding of death and the date but also the propriety of any conclusion as to the effect of the death, and further questioning the standing of the petitioners.

694

The whole purpose of proceedings under this section of the act is to secure letters of administration or probate of a will and subsequent distribution of the personal estate of a decedent as though he was dead (section 6, e, g, and h), or devolution of his real estate (section 6 f). The petitioner described in section 6 (a), even as amended by the Act of April 27, 1927, P. L. 425, is one who is "entitled . . . to any share in his or her estate within this Common-wealth." The subject-matter of the proceeding is the property of the decedent: Cunnius v. School District, 206 Pa. 469. Even a claim of property would be such property. The presence of this subject-matter within the territorial jurisdiction of the court gives the court power over it; and the decedent (who is the real respondent) may then be summoned by advertising as in other similar cases. He is protected by a bond when distribution is made and is the person concluded by the decree.

A petitioner who claims not under the presumed decedent but against him has no standing. A proceeding seeking a decree—not that by reason of a man's death his property has passed to his heirs, but that by reason of his death he has no property which can pass to his heirs—has neither subject-matter nor parties, and we have no jurisdiction of it. The mistake of the petitioners seems to lie in supposing that, however the question arises, it is necessary first to establish the presumption of death in this court. It is not a doctrine peculiar to this court; we apply it for our own purposes, and so do other courts.

The exceptions are sustained and the petition is dismissed; the costs, including master's fee, $200, and the bill of Henry B. Tawresey, stenographer, $71.50, to be paid one-half by the petitioners and one-half by the exceptants.